64 F.3d 658
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Warren MELVIN, Plaintiff-Appellant,
v.
NORTH CAROLINA DEPARTMENT OF CORRECTIONS; C.M. Creecy;
Charles E. Hill; Lieutenant McNorwood; Officer
Powell; Sergeant Creecy, Defendants-Appellees.
 No. 95-6538.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 25, 1995.
Decided Aug. 21, 1995.
 
 Warren Melvin, Appellant Pro Se.
 Before HALL, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Warren Melvin appeals from a district court order dismissing his 42 U.S.C. Sec. 1983 (1988) complaint as frivolous. We affirm in part, vacate in part, and remand.
 
 
 2
 Melvin alleged that he was injured to the extent of cuts and abrasions during an altercation with state prison officers as they attempted to take his radio from him. Melvin conceded that he was playing the radio at full volume to annoy the guards so that they would attend to his complaints regarding his segregative custody status. After the guards obtained control of the radio, Melvin made a racial slur directed at one of them. Melvin alleged that the guard, Creecy, responded by punching him about the face and neck while another guard, Powell, held Melvin's already handcuffed hands so that Melvin could not defend himself while another guard watched the beating. The district court found that the de minimis injuries alleged by Melvin were insufficient to state any Eighth Amendment claim. The district court also held that Melvin's claim regarding an allegedly improper custody status did not state a cognizable due process issue.
 
 
 3
 We find that the injuries resulting from the taking of the radio were, in fact, de minimis, and that the guards acted with no excessive force in their valid attempt to gain control of Melvin's radio. Thus, the district court properly found that this claim was frivolous. Hudson v. McMillian, 503 U.S. 1, 7 (1992) (no excessive force if amount of force commensurate with need therefor). The officers' actions in struggling with Melvin over the radio and thereby damaging it would be, at most, negligence. Thus, any damage to the radio provides no basis for a due process deprivation of property claim. Daniels v. Williams, 474 U.S. 327 (1986). And the district court properly found that Melvin could not state a due process claim with regard to his custody status. Sandin v. Conner, 63 U.S.L.W. 4601, 4604-05 (U.S.1995); see also Berrier v. Allen, 951 F.2d 622, 624-25 (4th Cir.1991) (no liberty interest in North Carolina in not being placed in segregation).
 
 
 4
 However, we find that Melvin survives the Sec. 1915(d) dismissal standard regarding the two officers' conduct in response to his racial slur. If the situation was as Melvin stated it in his complaint, the officers may have used force "of a sort 'repugnant to the conscience of mankind,' " Norman v. Taylor, 25 F.3d 1259, 1263 n. 4 (4th Cir.1994) (en banc), quoting Hudson v. McMillian, 112 S.Ct. 995, 999 (1992), in the described attack of a handcuffed prisoner for his mere use of a racial slur. Cf. Miller v. Leathers, 913 F.2d 1085, 1088-89 (4th Cir.1990) (en banc), cert. denied, 498 U.S. 1109 (1991). This is true even though the injuries Melvin suffered were not significant. Hudson, 503 U.S. at 7-9. Accordingly, we vacate and remand the district court's order only with regard to the two officers allegedly directly involved in the altercation, because Melvin's claims of supervisory liability are insufficient to withstand a frivolity inquiry, and the district court properly found there was no possibility of recovery against other officers in their supervisory nature. We stress, however, that we take no position as to whether the complaint, when more fully developed, will support such a claim.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED